1

2

3

4                  **UNITED STATES DISTRICT COURT**

5                        **DISTRICT OF OREGON**

6                        **PORTLAND DIVISION**

7

8    HIEU TRUONG,                    )
                                     )
9                  Plaintiff,        )    **No. 03:10-cv-00558-HU**
                                     )
10   vs.                             )
                                     )
11   CHER YAO CHEN, M.D., of         )    **FINDINGS & RECOMMENDATION**
     Oregon State Hospital,          )    **ON MOTION FOR SUMMARY JUDGMENT**
12                                   )
                   Defendants.       )
13                               _____

14

15   Hieu Truong
     Sid # 11999198
16   Snake River Correctional Institution
     777 Stanton Boulevard
17   Ontario, OR 97914

18        Plaintiff appearing *pro se*

19

20   John R. Kroger
     Attorney General
21   Justin Emerson Kidd
     Assistant Attorney General
22   Oregon Department of Justice
     1162 Court Street N.E.
23   Salem, OR 97301-4096

24        Attorneys for Defendant

25

26

27

28

1 - FINDINGS & RECOMMENDATION

1

2

3

4   HUBEL, M.J.:

5       The plaintiff Hieu Truong brings this action against the
6   defendant Cher Yao Chen, M.D., for damages resulting from an injury
7   Truong suffered while he was a patient at the Oregon State Hospital
8   ("OSH" or "the Hospital"), where he had been sent for evaluation of
9   his ongoing complaints of severe headaches.  According to the
10  plaintiff, he was in the recreational yard at the Hospital when a
11  falling tree limb struck him in the head, causing him to suffer
12  "permanent injury to his spine and brain that cause frequent
13  serious headaches, and vertigo."  Dkt. #8, Amended Complaint, ¶ 34.
14  Truong claims Dr. Chen was deliberately indifferent to his serious
15  medical needs, and his failure to treat Truong's head trauma
16  properly "constituted an unnecessary and wanton infliction of pain
17  . . . resulting in a permanent physical injury and disability now
18  and forever to be suffered by [Truong]."  *Id.*, ¶ 35.

19      On March 7, 2011, Dr. Chen filed a motion for summary
20  judgment, a supporting brief, and three supporting declarations.
21  Dkt. ##23-27.  On April 6, 2011, Truong moved for a 90-day
22  extension of time to respond to the defendant's motion for summary
23  judgment, citing his limited access to legal materials, limited
24  time to speak with a legal assistant, requirement that he write all
25  pleadings and other documents by hand, and "frequent unbearable
26  headaches and nausea."  Dkt. ##29 & 30.  His motion was unopposed
27  by the defendant, Dkt. #31, and the motion was granted, with a
28  response deadline set for July 7, 2011.  Dkt. #32.

2 - FINDINGS & RECOMMENDATION

1    On July 8, 2011, Truong filed a second motion for extension of

2 time, this time requesting 180 days to respond to the defendants'

3 motion.  Dkt. #33.  As grounds for his motion, Truong stated he had

4 been unable "to do discovery motions" and was "unable to properly

5 respond to defendant's motion," and he continued to have "health

6 issues" which he attributed to the injury giving rise to this

7 action.  Dkt. #34.  The court granted the motion in part and denied

8 it in part, extending the response deadline to September 1, 2011,

9 and notifying Truong that the deadline would not be extended

10 further absent a showing of extraordinary cause.  The court further

11 notified Truong that if he relied on health issues for any further

12 requests to extend the response deadline, then the motion would

13 have to be supported by a doctor's statement.  Dkt. #35.  The

14 docket for this case shows a copy of the court's order was mailed

15 to Truong the same date (i.e., July 8, 2011).  Truong failed to

16 file a response to the defendant's motion for summary judgment.[1]

17    On December 22, 2011, Truong filed a new motion for a six-

18 month extension of time to respond to the summary judgment motion.

19 Dkt. #40.  Truong again cited "health issues" as a basis for the

20 motion, with no supporting doctor's statement.  He also cited lack

21 of time "to do discovery motions."  The court finds Truong has

22 failed to show good cause for a further extension of time, and

23 **denies** the motion.  Accordingly, the court will proceed to consider

24 the defendant's motion for summary judgment.

25

26

27    [1]On October 21, 2011, Truong attempted to file discovery
requests with the court.  The documents were returned to Truong
with a letter noting Local Rule 5-2.  *See* Remark/Staff note dated
28 10/21/11.

3 - FINDINGS & RECOMMENDATION

1                        ***UNDISPUTED FACTS***

2        Because Truong has failed to respond to the defendant's

3   motion, the court considers the defendant's properly-supported

4   assertions of fact to be undisputed for purposes of the motion.

5   *See* Fed. R. Civ. P. 56(e)(2).  The defendant states the following

6   facts:

7        •    Plaintiff, while incarcerated in the county jail,
             suffered chronic headaches.  Plaintiff was admitted
8            to the Oregon State Hospital on March 28, 2008,
             where he continued to suffer chronic headaches.
9            Declaration of [Dr. Brian] Little Paragraph 11;
             Complaint Paragraph 9.
10       •    On June 15, 2008, a tree branch landed on Plain-
             tiff's head.  Complaint Paragraph 11.
11       •    After the incident, Plaintiff's skin was intact, no
             redness or swelling was visible, and his pupils
12           were equal, round, and reactive to light. Plain-
             tiff complained of a tender spot on his head.
13           Declaration of Little, Paragraph 8.
         •    Plaintiff was taken to see Dr. Chen, who was acting
14           as a "covering physician."  Dr. Chen examined the
             Plaintiff and ordered that x-rays be taken.  Those
15           x-rays later revealed nothing out of the ordinary.
             Declaration of Little, Paragraph 8; Declaration of
16           Chen, Paragraph 2.
         •    Soon after the x-rays were received, on June 26,
17           2008, Plaintiff was transferred back to Marion
             County custody, where he apparently continued to
18           experience headaches.   Complaint Paragraph 19;
             Declaration of Little Paragraph 12.
19       •    The Department of Human Services, Office of
             Investigations and Training reviewed the incident
20           and found no patient abuse.  Exhibit 1 to Declara-
             tion of [Assistant Attorney General Justin Emerson]
21           Kidd.
         •    Dr. Brian Little, Chief of Medicine at Oregon State
22           Hospital, reviewed the entire medical file and
             found Dr. Chen's care to be "completely appro-
23           priate," finding that the Patient's presenting
             symptoms did not require an M.R.I.  Declaration of
24           Little Paragraph 8.
         •    Dr. Little further found that Mr. Truong's head-
25           aches did not result from the tree branch incident.
             Declaration of Little, Paragraph 11.
26

27  Dkt. #24, p. 3.

28

    4 - FINDINGS & RECOMMENDATION

1              ***SUMMARY JUDGMENT STANDARDS***

2        Summary judgment should be granted "if the movant shows that

3  there is no genuine dispute as to any material fact and the movant

4  is entitled to judgment as a matter of law."  Fed. R. Civ. P.

5  56(c)(2).  In considering a motion for summary judgment, the court

6  "must not weigh the evidence or determine the truth of the matter

7  but only determine whether there is a genuine issue for trial."

8  *Playboy Enters., Inc. v. Welles*, 279 F.3d 796, 800 (9th Cir. 2002)

9  (citing *Abdul-Jabbar v. General Motors Corp.*, 85 F.3d 407, 410 (9th

10 Cir. 1996)).

11       The Ninth Circuit Court of Appeals has described "the shifting

12 burden of proof governing motions for summary judgment" as follows:

13              The moving party initially bears the burden of
                proving the absence of a genuine issue of
14              material fact.  *Celotex Corp. v. Catrett*, 477
                U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d
15              265 (1986).  Where the non-moving party bears
                the burden of proof at trial, the moving party
16              need only prove that there is an absence of
                evidence to support the non-moving party's
17              case.  *Id.* at 325, 106 S. Ct. 2548. Where the
                moving party meets that burden, the burden
18              then shifts to the non-moving party to desig-
                nate specific facts demonstrating the exis-
19              tence of genuine issues for trial.  *Id.* at
                324, 106 S. Ct. 2548.  This burden is not a
20              light one.  The non-moving party must show
                more than the mere existence of a scintilla of
21              evidence.  *Anderson v. Liberty Lobby, Inc.*,
                477 U.S. 242, 252, 106 S. Ct. 2505, 91 L. Ed.
22              2d 202 (1986).  The non-moving party must do
                more than show there is some "metaphysical
23              doubt" as to the material facts at issue.
                *Matsushita Elec. Indus. Co., Ltd. v. Zenith*
24              *Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct.
                1348, 89 L. Ed. 2d 528 (1986).  In fact, the
25              non-moving party must come forth with evidence
                from which a jury could reasonably render a
26              verdict in the non-moving party's favor.
                *Anderson*, 477 U.S. at 252, 106 S. Ct. 2505.
27              In determining whether a jury could reasonably
                render a verdict in the non-moving party's
28              favor, all justifiable inferences are to be

5 - FINDINGS & RECOMMENDATION

1      drawn in its favor.  *Id.* at 255, 106 S. Ct.
       2505.
2

3  *In re Oracle Corp. Securities Litigation*, 627 F.3d 376, 387 (9th
4  Cir. 2010).

5      Even when a summary judgment motion is unopposed, the motion
6  must be denied if the moving party fails to meet the party's burden
7  to show the absence of any genuine issue of material fact.  *See*
8  *Sheridan v. Trickey*, slip op., No. 10-06034-AC, 2010 WL 5812678, at
9  *2 (D. Or. Dec. 16, 2010) (Acosta, M.J.) (citing *Henry v. Gill*
10 *Industries, Inc.*, 983 F.2d 943, 950 (9th Cir. 1993)).

11

12                            ***DISCUSSION***

13      Dr. Chen characterizes Truong's claim as an allegation that
14 the doctor was deliberately indifferent to his medical needs by
15 "(1) ordering x-rays, when [Truong] would have preferred an M.R.I.;
16 and (2) failing to explain the results of the x-ray to the
17 patient."  Dkt. #24, p. 1.  Dr. Chen argues Truong has offered
18 nothing more than his lay opinion that the doctor's care was
19 constitutionally inadequate, while Dr. Chen has offered the
20 declaration of Dr. Brian Little, the Chief of Medicine at OSH, who
21 reviewed the medical record and found Dr. Chen's care to be
22 "completely appropriate." Dkt. #23, p. 2; *see* Dkt. #26, ¶ 8.

23      Dr. Chen argues that even if Truong were able to show any
24 medical deprivation, he cannot show Dr. Chen was aware of, but
25 disregarded, the risk, if any, of failing to order an M.R.I.  Dkt.
26 #23, p. 2; Dkt. #24, pp. 7-9.  He further argues that even if
27 Truong could show a medical deprivation, and that the doctor was
28 aware of the risk of the deprivation, Dr. Chen still would be

6 - FINDINGS & RECOMMENDATION

1 entitled to summary judgment on the basis of qualified immunity.

2 Dkt. #23, p. 2; Dkt. #24, p. 13.  Because I find Truong has failed

3 to show an Eighth Amendment violation, I do not reach the

4 defendant's qualified immunity argument.

5      To prevail on his Eighth Amendment claim, Truong must show the

6 defendant was deliberately indifferent to his serious medical

7 needs.  *See Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).

8 The test for deliberate indifference was explained by the *Jett*

9 court as follows:

> 10          In the Ninth Circuit, the test for deliberate
> indifference consists of two parts. *McGuckin*
> 11 *v. Smith*, 974 F.2d 1050 (9th Cir. 1991),
> *overruled on other grounds by WMX Techs., Inc.*
> 12 *v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en
> banc).  First, the plaintiff must show a
> 13 "serious medical need" by demonstrating that
> "failure to treat a prisoner's condition could
> 14 result in further significant injury or the
> 'unnecessary and wanton infliction of pain.'"
> 15 *Id.* at 1059 (citing *Estelle [v. Gamble]*, 429
> U.S. [97,] 104, 97 S. Ct. 285[, 291, 50 L. Ed.
> 16 2d 251 (1976)]).  Second, the plaintiff must
> show the defendant's response to the need was
> 17 deliberately indifferent. *Id.* at 1060.  The
> second prong - defendant's response to the
> 18 need was deliberately indifferent - is satis-
> fied by showing (a) a purposeful act or
> 19 failure to respond to a prisoner's pain or
> possible medical need and (b) harm caused by
> 20 the indifference.  *Id.*  Indifference "may
> appear when prison officials deny, delay or
> 21 intentionally interfere with medical treat-
> ment, or it may be shown by the way in which
> 22 prison physicians provide medical care." *Id.*
> at 1059 (quoting *Hutchinson v. United States*,
> 23 838 F.2d 390, 392 (9th Cir. 1988)).  Yet, an
> "inadvertent [or negligent] failure to provide
> 24 adequate medical care" alone does not state a
> claim under § 1983. *Id.* (citing *Estelle*, 429
> 25 U.S. at 105, 97 S. Ct. 285).

26 Jett, 439 F.3d at 1096.  Thus, even if Truong could show Dr. Chen

27 was negligent, that would be insufficient for liability.  Moreover,

28 a mere "difference of opinion does not establish deliberate

7 - FINDINGS & RECOMMENDATION

1  indifference." *Padgett v. Kowanda*, slip op., No. CV-08-87-HU, 2010
2  WL 4638871, at *15 (D. Or. Aug. 12, 2010) (Hubel, M.J.) (citing
3  *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996)).

4        The facts in the present case contradict Truong's allegation
5  that Dr. Chen's response to Truong's medical need was deliberately
6  indifferent.  In Dr. Chen's capacity as a "covering physician," he
7  was not even the doctor who ordered Truong's treatment.  Dr. Chen
8  evaluated Truong, and "ordered x-rays for the medical clinic or the
9  attending physician to review."  Dkt. #27, Decl. of Cher Yao Chen,
10 ¶ 3.  "Consequently, Mr. Truong was not in [Dr. Chen's] care when
11 his x-ray results came in."  *Id.*, ¶ 4.

12       Even if Truong had been under Dr. Chen's care, Dr. Little has
13 offered his professional opinion that Truong's condition did not
14 warrant an M.R.I.  There was no visible damage to Truong's skin or
15 skull  other  than  some  redness  and  tenderness. According  to
16 Dr. Little, "blunt force trauma severe enough to cause brain injury
17 would  have  left  some  visible  damage  on  the  patient's  skin  or
18 skull."  Dkt. #26, Decl. of Dr. Brian Little, ¶ 9. Furthermore,
19 Truong's x-rays were unremarkable.  *Id.*

20       Dr. Little also opines that Truong's headaches are not the
21 result of his injury from the falling tree branch.  Dr. Little
22 notes  Truong  complained  of  headaches  on  six  occasions  between
23 March 22 and April 2, 2008.  Truong was admitted to the Hospital
24 for evaluation of his headaches, and while there, prior to the tree
25 branch incident, he complained of headaches on twelve occasions
26 between April 10 and May 25, 2008.  Although Truong complained of
27 a headache immediately after being hit by the falling branch, he
28 did not complain of a headache the following day.  *Id.*, ¶ 11(a)-

1  (c).  He also did not display any neurological symptoms following
2  the incident, which Dr. Little states "would usually be apparent
3  after a head injury which resulted in chronic headaches." *Id.*, ¶
4  11(d).  Dr. Little concludes it is his "professional opinion that
5  the [falling branch] event neither caused new headaches nor
6  exacerbated [Truong's] existing headaches." *Id.*, ¶ 13.

7      With regard to Truong's complaint that Dr. Chen failed to
8  explain the x-rays to him or to consult with him regarding his
9  care, even if that were true, it would not result in a
10  constitutional violation.  In any event, Dr. Chen was not present
11  when Truong's x-ray results came in, nor was Truong under
12  Dr. Chen's continuing care.

13      The medical records and other documents submitted by Truong
14  with his Amended Complaint fail to constitute evidence from which
15  a jury reasonably could render a verdict in Truong's favor.  The
16  defendant has met his burden to show that there are no genuine
17  issues of material fact for trial, and the defendant's motion for
18  summary judgment should be granted.[2]

19
20              ***SCHEDULING ORDER***

21      These Findings and Recommendations will be referred to a
22  district judge.  Objections, if any, are due by **January 24, 2012.**
23  If no objections are filed, then the Findings and Recommendations
24  will go under advisement on that date.  If objections are filed,

25

26  _____

27      [2]The defendants requested oral argument on their motion for
    summary judgment.  Because the motion is unopposed, the issues are
    straightforward, and oral argument would not assist the court in
28  ruling on the motion, the request for oral argument is denied.

9 - FINDINGS & RECOMMENDATION

1   then any response is due by **February 10, 2012.**  By the earlier of

2   the response due date or the date a response is filed, the Findings

3   and Recommendations will go under advisement.

4        IT IS SO ORDERED.

5                          Dated this 6th day of January 2012.

6
                           /s/ Dennis J. Hubel
7
                           _____
8                          Dennis James Hubel
                           Unites States Magistrate Judge
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

10 - FINDINGS & RECOMMENDATION